### UNITED STATES ex rel. DONATELLO v. COMMISSIONER OF IMMIGRATION AT PORT OF NEW YORK et al.

(District Court, E. D. New York. May 12, 1925.)

1. Aliens ⊚⟞53—That alien is probable public charge is ground for deportation, independent of any constitutional psychopathic inferiority at time of entry.

Under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), that alien is a probable public charge is a ground for deportation, independent of his constitutional psycopathic inferiority at time of entry, as affects power of court to release one held for deportation on such ground.

2. Aliens ⊚⟞54—Where evidence supports finding of Secretary of Labor as to grounds for deportation, court cannot interfere.

When there is evidence to support finding that alien was, because of his mental condition at time of his arrival, not entitled to entry, court is without power to interfere with action of Secretary of Labor directing deportation.

On reargument. Former ruling recalled, writ dismissed, and relator remanded.

For former opinion, see 4 F.(2d) 808.

James E. Lo Piccolo, of Brooklyn, N. Y., for relator.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Frank E. Phillips, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondents.

GARVIN, District Judge. Leave has been granted to reargue a determination of this court sustaining a writ of habeas corpus.

[1] It was understood by the court, when the matter was originally presented, that the

only question upon which a decision was sought was whether the relator was likely to become a public charge; it now appears that the government urges the deportation of the relator on the ground of his mental condition at the time of his entry into this country. Under section 19 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), these grounds are independent each of the other, and the court has no power to release a relator whose deportation is directed unless as a result of a determination that he is properly held, neither as a probable public charge, nor because of constitutional psychopathic inferiority at the time of his entry. U. S. ex rel. Brugnoli v. Tod (D. C.) 300 F. 913.

[2] When the mental condition of the relator became such as to necessitate his commitment by a court of competent jurisdiction to an institution for the care of the insane, a hearing was duly held according to law. That hearing was fairly conducted, and the rights of the relator were duly protected. As a result of that hearing, there was a finding of fact that the relator was not entitled to be granted permission to enter this country when he arrived at the port of New York. There was evidence to support this finding, and, when such evidence appears, the court is without power to interfere with the action of the Secretary of Labor. Upon further consideration, therefore, the ruling sustaining the writ is recalled, the writ dismissed, and the relator remanded to the custody of the proper immigration authorities, in order that he may be deported in accordance with the order of the Secretary of Labor.